**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAVID BRADEN,**

        **Petitioner,**

    **v.**

**MARGARET BAGLEY, Warden,**

        **Respondent.**

**Case No.  2:04-cv-842**
**JUDGE SARGUS**
**Magistrate Judge Kemp**

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. §2254.  This matter is before the Court upon petitioner's motion to conduct discovery (Doc. # 32), respondent's opposition (Doc. # 33), and petitioner's reply (Doc. # 34).

### I.  Overview

Petitioner argues that he was incompetent at the time of his trial and that the resulting convictions and death sentence violated his right to due process.  Petitioner argues that in spite of evidence that he presented in support of his state postconviction action and that he developed during his postconviction hearing demonstrating that he was incompetent during his trial, the state trial court essentially deprived him of the opportunity to develop additional evidence when it expressed several times during the postconviction hearing its displeasure with being apprised, some months after the fact, that petitioner might have been incompetent at the time he was tried.  Specifically, according to petitioner, the trial court indicated several times that it did not see the need to hear the testimony of Dr. Douglas Mossman, who had evaluated petitioner for the purpose of determining whether petitioner was incompetent at the time of his trial and whose

affidavit petitioner had submitted in support of his postconviction action.  Petitioner notes that the trial court, in its decision rejecting his postconviction claims, declined to even consider the opinions of Dr. Mossman, as set forth in his affidavit and proffered testimony.  Petitioner also argues that the trial court and his defense counsel breached their respective duties to ensure that he was competent to stand trial.  Finally, petitioner argues that his defense attorneys were ineffective during the mitigation phase of his trial for failing to establish through their mental health expert, Dr. Kathleen Burch, that petitioner suffered from a psychological condition that would have established a statutory mitigating factor under O.R.C. § 2929.04(B)(3).

Petitioner seeks to depose Dr. Mossman, mitigation specialist James Crates, and defense co-counsel P. Lon Allen.  Petitioner seeks this discovery in support of his claims that he was tried while incompetent (ground one), that he was denied the opportunity to litigate his claim that he was tried while incompetent (ground two), that the trial court erred in failing to *sua sponte* conduct a competency hearing and defense counsel failed to ensure that petitioner was not tried while incompetent (grounds three and four), and that petitioner was denied the effective assistance of counsel during mitigation (ground thirteen).

Respondent opposes petitioner's discovery requests, arguing that petitioner is not entitled to develop in federal habeas corpus discovery testimony that he elected during state postconviction proceedings not to present.  Respondent further argues that petitioner's very request to conduct discovery amounts to a concession that he was not diligent in developing the evidence during his state postconviction proceedings and that he is precluded by the restrictions set forth in 28 U.S.C. § 2254(e)(2) from developing the evidence now.

## II. Discussion

The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply in habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings. As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases In United States District Courts were promulgated in 1976.

Specifically, Rule 6(a) provides--

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief....'" *Bracy*, 520 U.S. at 908-909 (quoting *Harris*, 394 U.S. at 300). *See also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). In keeping with the well settled principle that habeas petitioners are not entitled to go on a fishing expedition in search of damaging evidence, Rule 6's "good cause" standard requires petitioner to at least attempt to identify what he expects to uncover through his discovery requests. *See Williams v. Bagley, supra*, 380 F.3d at 976. With these principles in mind, the Court will now consider of petitioner's discovery requests.

3

A.  <u>Ground One – Petitioner Was Tried While Incompetent</u>

In his first ground for relief, petitioner's counsel allege that petitioner was deprived of

due process when he was tried while incompetent.  (Petition, Doc.# 10, at 7-17.)  According to

the petition, although petitioner appeared competent to defense trial counsel Thomas Beal during

their initial visits between September and December of 1998, petitioner's mental condition

appeared to Mr. Beal to deteriorate after that.  The petition states that Mr. Beal made the trial

court aware of his concerns about petitioner's mental health, prompting the trial court to expand

the role of Dr. Kathleen Burch from just examining petitioner in preparation for the mitigation

phase of his trial to additionally examining petitioner for the purpose of assessing his competency

to stand trial.[1]  Following four evaluations, the petition continues, Dr. Burch viewed petitioner as

competent to stand trial because, although Dr. Burch harbored concerns about petitioner's

delusional beliefs that he was a prophet of God, that he would be spared from his capital case by

God, and that certain weather occurrences and other current events were related to his case, Dr.

Burch was never made aware or otherwise had reason to believe that petitioner was not

communicating and cooperating with his defense attorneys.  According to the petition, Mr. Beal's

personal trial notes, which were not revealed until petitioner's postconviction proceedings,

demonstrated that petitioner in fact had not been able to cooperate with or otherwise assist his

trial attorneys during the case.

Petitioner filed a postconviction action alleging, among other things, that he had been

tried while incompetent.  In support of that claim, he submitted an Affidavit by Dr. Douglas

---

[1]      It appears from the transcript of the postconviction evidentiary hearing that this exchange between Mr. Beal and the trial court occurred *ex parte*.  (Evid.Hrng.Tr. at pp. 15-16.)

Mossman, who had evaluated petitioner some eight months after his trial and concluded that his "mental illness substantially compromised his understanding of the proceedings against him and his ability to consult with his lawyers in preparing his defense." (App.Vol. 4, at 96.) Also submitted were two notes that petitioner had passed to defense counsel, one during a pretrial hearing and the other during the trial phase, essentially stating that, according to God, petitioner was to be given a full pardon, new identity, travel credentials, and money. (App.Vol. 4, at 115-117.)

After reviewing petitioner's postconviction action and supporting exhibits, the trial court issued an order setting the matter for an evidentiary hearing "on the issue of Petitioner's mental status at the time of the trial, as well as at the time these acts occurred." (App.Vol. 5, at 65.) The trial court stated in its order that it "expect[ed] to hear testimony, at a minimum, from the following individuals: Dr. Douglas Mossman; Dr. Kathleen J. Burch; Thomas D. Beal, Esq.; P. Lon Allen, Esq.; and James Crates." (*Id.*) The trial court conducted the evidentiary hearing on April 19, 2002. Petitioner called two witnesses, defense attorney Thomas Beal and defense psychologist Dr. Kathleen Burch, and presented as exhibits notes that Mr. Beal took during his jail visits with petitioner, the two notes that petitioner had passed to defense counsel, Dr. Burch's notes from her sessions with petitioner, and an affidavit by Dr. Burch regarding her opinion as to petitioner's mental state at the time of the offense.

Petitioner was prepared to call Dr. Mossman as a witness, but evidently decided not to after the trial court stated on the record that it had thoroughly considered his affidavit, that it was not sure what Dr. Mossman could add, and that it was not sure that it wanted to hear from him. (Evid.Hrng.Tr., at 107-108.) Petitioner states in his motion for discovery that he had also

5

subpoenaed and was prepared to call defense co-counsel P. Lon Allen and mitigation specialist Jim Crates (Doc. # 32, at 8); but neither testified and the transcript of the evidentiary hearing contains no indication of why petitioner did not call them.

The parties filed their post-hearing briefs on May 10, 2002. On August 2, 2002, the trial court issued a decision and entry denying petitioner's postconviction action. (App.Vol. 5, at 186.) Regarding petitioner's claim that he was tried while incompetent, the trial court declined to consider the Affidavit by Douglas Mossman, M.D., due primarily to the fact that his evaluation of petitioner's competency to stand trial had taken place some eight months after the trial, (App.Vol. 5, at 200); determined that Dr. Burch's "changed opinion" of petitioner's incompetence was not credible, (App.Vol. 5, at 205); and concluded that petitioner's claim, accordingly, could have been raised on direct appeal and was therefore barred under Ohio's doctrine of *res judicata*, (App.Vol. 5, at 205-206). The Ohio Court of Appeals for the Tenth Appellate District affirmed the trial court's rationale for applying the *res judicata* doctrine against petitioner's competency claim, and added, "even if the trial court would have accepted both Drs. Burch and Mossman's opinions, we agree that res judicata could be applied under the present circumstances." (App.Vol. 7, at 123.)

In support of his first ground for relief, petitioner seeks the following discovery:

1. Deposition of Dr. Douglas Mossman to incorporate his testimony, which was precluded at the post-conviction hearing by the trial court, into the claim that Petitioner was incompetent when he stood trial so this claim can be fully and fairly determined. Dr. Mossman evaluated Petitioner and his findings were crucial to the trial court granting the post-conviction evidentiary hearing.

2. Deposition of Mitigation Specialist James Crates to incorporate his testimony into the claim that Petitioner was incompetent when he stood trial. Mr. Crates had direct contact with Petitioner, trial counsel and Dr. Burch throughout the pretrial

and trial stages of his case. Mr. Crates has knowledge about Petitioner and his
mental status at the time of trial. Mr. Crates did not testify at the post-conviction
evidentiary hearing after the trial court made it clear that it wasn't receptive to
further testimony.

(Doc. # 32, at 9.)

In order to determine whether petitioner is entitled to conduct discovery on this claim, the

Court initially must identify the essential elements of his claims. *See Bracy*, 520 U.S. at 904.

The Due Process Clause is violated when a mentally incompetent defendant is tried and

convicted. *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *Pate v. Robinson*, 383 U.S. 375, 378

(1966); *Dusky v. United States*, 362 U.S. 402, 402 (1960). A defendant is competent to stand

trial if he has sufficient present ability to consult with counsel with a reasonable degree of

rational understanding, as well as rational and factual understanding of the proceedings against

him. *Dusky*, 362 U.S. at 402; *see also Gall v. Parker*, 231 F.3d 265, 284 (6th Cir. 2000).

The Court is satisfied that petitioner has demonstrated "good cause" for these discovery

requests. His claim is properly before the Court and his allegations are neither patently frivolous

nor palpably incredible. The discovery he requests is specific, limited, and reasonably calculated

to lead to evidence in support of his claim that he was tried while incompetent in violation of his

right to due process. The Court is persuaded that good cause exists to depose Dr. Mossman

because his affidavit appears to have been paramount to the trial court's decision to grant an

evidentiary hearing in postconviction and because it appears that his deposition can shed more

(and better) light on the issue of whether petitioner was incompetent to be tried than what is

currently reflected in the record. Dr. Burch testified during petitioner's mitigation hearing, and

subsequently during his postconviction evidentiary hearing, that her original conclusion at the

7

time of petitioner's trial that he was competent was a "close call" because, although she was concerned about the delusions that he had expressed, she had received no information suggesting that he had been unable or unwilling to communicate with and assist his defense counsel. (Trial Tr.Vol. XI, at 36, 39; Evid.Hrgn.Tr., at 73). Dr. Burch testified during petitioner's mitigation hearing that he was, in her professional opinion, competent. She subsequently testified during his evidentiary hearing that he had been incompetent. Her explanation for the change in her opinion was that the two notes that petitioner had passed to defense counsel, one prior to the trial of which Dr. Burch had been aware but had not seen, and the other during the trial of which Dr. Burch had not been aware, demonstrated he had not given his trial proper salience. (Evid.Hrng.Tr., at 74-76, 90-92).

The record currently consists of Dr. Mossman's original affidavit (App.Vol. IV, at 75-114) and a one-paragraph proffer by petitioner's postconviction counsel as to what Dr. Mossman would have testified to at the evidentiary hearing (Evid.Hrng.Tr., at 109). Although that information is relevant to petitioner's claim that he was tried while incompetent, the Court is persuaded that good cause exists additionally to depose Dr. Mossman to explore issues that were not fully developed in the affidavit or the proffered testimony. For example, Dr. Mossman could testify about what impact, if any, the fact that his initial evaluation of petitioner took place nine months after petitioner's trial would have on his conclusion that petitioner had been incompetent to stand trial–an issue, apparently, that troubled the state trial court (Evid.Hrg.Tr., at 108). A deposition of Dr. Mossman might also explain the differences between Dr. Mossman's primary diagnosis of major depression with psychotic features (App.Vol. IV, at 93-96) and Dr. Burch's primary diagnosis of paranoid schizophrenia (Trial Tr.Vol. XI, at 61), and whether those

8

differences are material. Further, Dr. Mossman might be able to expand on a factor to which Dr. Burch was not able to testify–namely, the differences between petitioner's mental condition before he began receiving an effective regimen of anti-psychotic medications and after (App.Vol. IV, at 86-93)–as evidence of the scope and effect of the delusions that petitioner was allegedly experiencing prior to and during his trial.

The Court is also persuaded that good cause exists to depose Jim Crates because he could offer additional, and perhaps more direct, evidence regarding petitioner's mental condition prior to and during his trial and whether, or to what extent, his mental condition impacted his ability to communicate with defense counsel and assist in his defense. It is clear from the record of petitioner's state postconviction proceedings that Mr. Crates had substantial contact with petitioner prior to trial and that communications between lead counsel Tom Beal and defense psychologist Dr. Kathleen Burch often took place through Mr. Crates. One of the essential elements of a claim that petitioner was tried while incompetent is requires proof that the petitioner did not possess sufficient present ability to consult with counsel with a reasonable degree of rational understanding, or a rational and factual understanding of the proceedings against him. *Dusky, supra*, 362 U.S. at 402. As noted above, Dr. Burch testified that the reason she concluded prior to and at the time of petitioner's trial that he was competent was that she had had no reason to believe that he had not been cooperating with his defense attorneys. (Trial Tr.Vol. XI, at 36, 39; Evid.Hrgn.Tr., at 73.) The habeas petition states that "Mr. Beal, while dutifully monitoring his client's condition in the jail, did not inform Dr. Burch directly that Petitioner was no longer communicating with him about the case." (Petition, Doc. # 10, at 17.) Good cause exists to believe that Mr. Crates could provide relevant and useful testimony on this

9

essential element of petitioner's claim that he was tried while incompetent. Mr. Beal testified

during petitioner's state postconviction evidentiary hearing that most of his communications with

Dr. Burch about petitioner's mental condition were not direct, but went through Mr. Crates.

(Evid.Hrng.Tr., at 21.) Mr. Beal also testified that he believed that any observations that Dr.

Burch had had about petitioner came to him through Mr. Crates. (*Id.*, at 48.) The foregoing

establishes good cause for petitioner's request to depose James Crates in support of petitioner's

claim that he was tried while incompetent.

Respondent asserts that petitioner should not be able to present in habeas corpus

testimony that he elected not to present during his postconviction evidentiary hearing and that

petitioner is precluded by the restrictions set forth in 28 U.S.C. § 2254(e)(2) from conducting this

discovery. The Court is of the view that respondent's arguments in this regard are premature and

that petitioner is not precluded from conducting discovery at this point.

In *Holland v. Jackson*, 542 U.S. 649, 653 (2004), the Supreme Court held that the

restrictions on factual development set forth in 28 U.S.C. § 2254(e)(2) apply when a petitioner

seeks to present new evidence not considered by the state courts, whether he seeks to present that

new evidence through an evidentiary hearing or expansion of the record pursuant to Rule 7 of the

Rules Governing Section 2254 Cases.[2] This Court is aware of at least one case in which

---

[2]      Section 2254(e)(2) of Title 28 of the United States Code provides:

       (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

       (A) the claim relies on–
       (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
       (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

*Holland*'s holding was extended to prohibit a discovery request that appeared to be fashioned as "an end run around the restrictions of Rule 7 as interpreted by *Holland v. Jackson*, 542 U.S. 649 (2004)." *Stallings v. Bagley*, Case No. 505-CV-722, 2007 WL 437888 (N.D. Ohio Feb. 6, 2007), at *2. Initially, the Court notes that respondent has not demonstrated, and petitioner expressly denies in his reply (Doc. # 34, at 2), that petitioner's very request for discovery amounts to a concession that he was not diligent in developing these facts in the state courts. Further, the Court is of the view that it is premature to address respondent's argument because, at this point, petitioner has not sought (and may never seek) to present new evidence in support of his claims. At this point, he has asked only for leave to conduct discovery that may lead to new evidence. The Court will address any arguments regarding whether § 2254(e)(2) precludes petitioner from introducing new evidence in support of his claims when and if he seeks to present that new evidence. It also bears mentioning that, to the extent that petitioner may seek to present new evidence for purposes other than demonstrating that he is entitled to relief on his constitutional claims, such as attempting to satisfy the cause-and-prejudice exception to procedural default, then presumably the restrictions set forth in §2254(e)(2) would not apply. *See Cristin v. Brennan*, 281 F.3d 404, 417 n.14 (3rd Cir. 2002) (suggesting that the standard adopted in § 2254(e)(2) does not apply to evidentiary hearings on whether a petitioner can establish an excuse for an earlier procedural default); *see also Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (finding that § 2254(e)(2) should not be applied when expansion of the record is sought for purposes other than introducing new evidence on the merits of a claim).

---

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

11

B. Ground Two – Petitioner Was Denied Opportunity To Litigate Competency Claim

Petitioner argues in his second ground for relief that he was denied the opportunity, in violation of his rights to due process, to fully and fairly litigate his claim that he was tried while incompetent when the trial court failed to consider postconviction psychiatric evidence. (Petition, Doc. # 10, at 24-26.)  Specifically, petitioner contends that after the trial court indicated during petitioner's postconviction evidentiary hearing that it did not need to hear from Dr. Mossman, "[i]t was apparent that the trial court thought Dr. Mossman's testimony unnecessary because it was satisfied with the state of the evidence as presented by Petitioner." (*Id.*, at 24.) Petitioner suggests further in his motion for discovery that "the trial court not being receptive to Dr. Mossman testifying at the evidentiary hearing" was the reason that petitioner did not call Dr. Mossman to testify.  (Doc. # 32, at 9.)  Petitioner also contends that, after the trial court stated during the hearing that it had thoroughly reviewed Dr. Mossman's affidavit, "Petitioner had no reason to think that the court would not consider Dr. Mossman's opinion since O.R.C. § 2953.21 and due process require the court to do so, and because the court said it would." (*Id.*, at 25.) Petitioner goes on to argue that he was denied due process of law when, "[i]n its written opinion denying [postconviction] relief, the trial court decided that it would disregard Dr. Mossman's affidavit and opinion." (*Id.*)

"To fully present" this claim, petitioner seeks to conduct the following discovery:

1. Deposition of Dr. Douglas Mossman to incorporate his testimony, which was precluded at the post-conviction evidentiary hearing by the trial court, into the claim that Petitioner was incompetent when he stood trial so this claim can be fully and fairly determined.  Dr. Mossman evaluated Petitioner and his findings were crucial to the trial court granting the post-conviction evidentiary hearing.

(Doc. # 32, at 10.)

12

In order to determine whether petitioner is entitled to conduct discovery on this claim, the Court initially must identify the essential elements of his claims. *See Bracy*, 520 U.S. at 904. It is at this preliminary stage in determining whether petitioner is entitled to conduct discovery where petitioner's request fails. In support of this claim and request for discovery, petitioner cites to *Boddie v. Connecticut*, 401 U.S. 371 (1971), and *Sun Coast Credit, Inc. v. Halamert*, 1987 WL 16221, No. CA 10172, unreported, (Ohio App. 2 Dist. 1987), at *2, citing *Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 334 (1971). (Petition, Doc. # 10, at 25; Motion for Discovery, Doc. # 32, at 9-10). *Boddie*, where the Supreme Court observed that due process requires notice and an opportunity to heard, was a class action suit for declaratory and injunctive relief involving women receiving state welfare assistance who were unable to obtain divorces because of their inability to pay court fees and costs. *Sun Coast Credit*, where a state appellate court noted that the ability to fully and fairly litigate a claim required notice and an opportunity to be heard, involved an appeal from an order overruling a motion for relief against foreign judgment in a case involving legal fees for services in connection with a Florida real estate transaction. *Blonder-Tongue Laboratories* involved a patent infringement suit.

Whatever these cases say about the concept of due process, they do not support the proposition that a habeas petitioner is entitled to discovery, much less relief, on a claim that he was denied due process during a state postconviction proceeding. It is well settled that claims alleging the denial of equal protection and due process arising out of state postconviction proceedings are not cognizable in federal habeas corpus because they do not dispute the duration or fact of the petitioner's confinement. *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986);

13

*Jamison v. Collins*, 100 F.Supp.2d 647, 767-69 (S.D. Ohio 2000).

Without holding at this point that petitioner's second ground for relief should be denied, even though the Court harbors serious questions about whether it is cognizable in habeas corpus, the Court concludes at the very least that petitioner is not entitled to conduct discovery on this claim. The Court does not have before it specific allegations showing reason to believe that petitioner may, if the facts are more fully developed, be able to demonstrate that he is entitled to relief. *Bracy, supra*, 520 U.S. at 908-909.

C. Grounds Three and Four – Trial Court and Counsel Failed to Ensure Competency

In his third ground for relief, petitioner argues that the trial court erred in not *sua sponte* holding a hearing at trial to determine whether petitioner was competent to stand trial. (Petition, Doc. # 10, at 27-28.) Petitioner argues in his fourth ground for relief that his defense attorneys were constitutionally ineffective for failing to protection petitioner's right to be tried while competent. Specifically, petitioner argues that his trial attorneys breached their duty by not informing the trial court about the second note that petitioner had passed to them during his trial and by not requesting a competency hearing at trial. (*Id.*, at 29-32.) In order to fully present both grounds for relief, petitioner seeks to conduct the following discovery:

> 1. Deposition of Mitigation Specialist James Crates to incorporate his testimony into the claim that Petitioner was incompetent when he stood trial. Mr. Crates had direct contact with Petitioner, trial counsel, and Dr. Burch throughout the pretrial and trial stages of this case. Mr. Crates has knowledge about Petitioner and his mental status at the time of the trial. Mr. Crates did not testify at the post-conviction evidentiary hearing after the trial court made it clear that it wasn't receptive to further testimony.

(Doc. # 32, at 11.)

In order to determine whether petitioner is entitled to conduct discovery on these claims, the Court must identify the essential elements of this claim. *Bracy*, 520 U.S. at 904. Regarding petitioner's ineffective assistance of counsel claim, the right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong of the *Strickland* test, the Court notes that, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To establish the second prong of the *Strickland* test, *i.e.*, prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the Court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

In the context of claims that the trial court erred in not *sua sponte* holding a competency hearing and that counsel failed to protect petitioner's right to be tried while competent, as this Court noted earlier, the Due Process Clause is violated when a mentally incompetent defendant is tried and convicted. *Drope v. Missouri, supra*, 420 U.S. at 171; *Pate v. Robinson, supra*, 383 U.S. at 378; *Dusky v. United States, supra*, 362 U.S. at 402 (1960). The standard for determining whether a trial court violated the petitioner's right to a hearing on the issue of his competency is "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Pate v. Smith*, 637 F.2d 1068, 1072 (6th Cir. 1981). Further, a defendant receives ineffective assistance of counsel in connection with his right to be tried only when competent counsel fails to request a competency hearing in a case in which indications of incompetency are strong and there is a reasonable probability that, but for counsel's deficient performance in this regard, the petitioner would have been found incompetent to stand trial. *See, e.g., Hull v. Kyler*, 190 F.3d 88, 106 (3rd Cir. 1999).

The Court is satisfied that good cause exists for this discovery request, but only as to petitioner's fourth ground for relief. The allegations set forth in petitioner's fourth ground for relief are properly before the Court and are neither patently frivolous nor palpably incredible. The discovery petitioner requests is specific, limited, and reasonably calculated to lead to evidence in support of his claim that his trial attorneys breached their duty to protect his right to be tried only while competent. Although it is usually the case that information about what strategy petitioner's defense attorneys formulated, what investigation was conducted to arrive at and implement that strategy, and in this particular case, what impressions counsel had about

16

petitioner's mental state is uniquely in possession of those defense attorneys, it is not always the

case. And in this case, information revealed during petitioner's state postconviction hearing

provides good cause to believe that there may be another source for this information–namely,

mitigation specialist James Crates. As the Court noted earlier, it is clear from the record of

petitioner's state postconviction proceedings that Mr. Crates had substantial contact with

petitioner prior to trial and that communications between defense counsel and defense

psychologist Dr. Kathleen Burch often took place through Mr. Crates. Mr. Beal testified during

petitioner's state postconviction evidentiary hearing that most of his communications with Dr.

Burch about petitioner's mental condition were not direct, but went through Mr. Crates.

(Evid.Hrng.Tr., at 21.) Mr. Beal also testified that he believed that any observations that Dr.

Burch had had about petitioner came to him through Mr. Crates. (*Id.*, at 48.) Good cause exists

to believe that Mr. Crates could provide relevant and useful testimony on the issue of whether

petitioner's defense counsel erred by failing to request a competency hearing in the face of

"strong indications" of petitioner's incompetency. *See, Hull v. Kyler, supra*, 190 F.3d at 106.

Petitioner's third ground for relief does not appear to be properly before the Court. This

Court held in its *Opinion and Order* of March 30, 2006, that petitioner's third ground appeared

to be barred by procedural default. (Doc. # 31-2, at 6-10.) The Court also stated, however, that it

would permit petitioner a reasonable amount of time to present arguments demonstrating either

the cause-and-prejudice or actual innocence exceptions to procedural default. (*Id.*, at 10.)

Although petitioner has not presented any such arguments or even sought leave to do so, the

Court will entertain any good faith arguments in that regard following the completion of

discovery. Generally, a petitioner will not be able to demonstrate good cause to conduct

17

discovery on a procedurally defaulted claim. *See, e.g., United States v. Atkin*, 80 F.Supp.2d 779, 786 (N.D. Ohio 2000) (finding no good cause for discovery request because "even if the facts regarding this allegation were fully developed, [the petitioner]'s procedural default would bar relief."). Because it appears, however, that the instant discovery request is reasonably calculated to lead to evidence that could demonstrate a justification for excusing the apparent default of petitioner's third ground for relief, this Court will, out of an abundance of caution, permit the deposition of James Crates for that purpose. *See Payne v. Bell*, 89 F.Supp.2d 967, 971 (W.D. Tenn. 2000) (holding that discovery request must be related to constitutional claim or effort to demonstrate excuse for procedural default).

D. <u>Ground Thirteen – Counsel Failed to Present and Prepare Mitigating Evidence</u>

Petitioner argues in his thirteenth ground for relief that his trial counsel were ineffective for failing to prepare and present mitigating evidence when counsel failed to ask the defense psychologist whether petitioner's mental disease impaired his ability to conform his conduct to law in an effort to prove a statutory mitigating factor pursuant to O.R.C. § 2929.04(B)(3). Petitioner explains that although Dr. Burch provided substantial testimony during the mitigation hearing that petitioner suffered from paranoid schizophrenia and was actively delusional at the time of the incident, defense counsel never asked Dr. Burch whether petitioner's mental condition impaired his ability to conform his conduct to the law within the meaning of the statutory mitigating factor set forth in O.R.C. § 2929.04(B)(3). (Petition, Doc. # 10, at 49.) According to petitioner, Dr. Burch confirmed during postconviction proceedings that, had she been asked that question, she would have answered it in the positive. (*Id.*) As further evidence of defense counsel's deficient performance in this regard, petitioner points out that the trial court

instructed the jury that it could consider as a mitigating factor whether petitioner's mental disease or defect impaired his ability to conform his conduct to law or appreciate the criminality of his conduct, and that during mitigation deliberations, the jury asked the trial court to explain how a mental disease or defect could be a mitigating factor. (Petition, Doc. # 10, at 49.) Had defense counsel not performed deficiently, petitioner argues, the jury would have had its answer to that question. (*Id.*, at 49-50.)

To "fully present" this claim, petitioner seeks to conduct the following discovery:

1. Deposition of P. Lon Allen, Esq., trial attorney for Petitioner who conducted the direct examination of Dr. Burch at the mitigation phase of the capital trial.

(Doc. # 32, at 12.) In order to determine whether petitioner is entitled to conduct discovery on this claim, the Court must identify the essential elements of this claim. *Bracy*, 520 U.S. at 904. As another trial counsel ineffectiveness claim, petitioner must demonstrate both that his attorneys' performance was unreasonably deficient and that petitioner was prejudiced by that deficient performance. *Strickland*, 466 U.S. at 687. *See also Wiggins v. Smith*, 539 U.S. 510 (2003) (finding ineffective assistance of counsel where counsel unreasonably failed to expand investigation for mitigation evidence and petitioner was prejudiced by counsel's deficiency); *Coleman v. Mitchell*, 244 F.3d 533, 545 (6th Cir. 2001) ("failure to investigate possible mitigating factors and failure to present mitigating evidence can constitute ineffective assistance of counsel under the Sixth Amendment.").

The Court is satisfied that petitioner has shown good cause for this discovery request. His claim is properly before the Court and his allegations are neither patently frivolous nor palpably incredible. The discovery he requests is specific, limited, and reasonably calculated to

lead to evidence in support of his claim that his trial attorneys performed unreasonably and to his prejudice in failing to prepare and present available evidence to establish a statutory mitigating factor.  Under O.R.C. § 2929.04(B)(3), the jury may consider as a mitigating factor "Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law."  Petitioner's defense counsel presented substantial evidence concerning petitioner's unstable mental condition leading up to and during the incident.  Dr. Burch confirmed during petitioner's postconviction evidentiary hearing that she still believed, consistent with the affidavit that she had signed in support of petitioner's postconviction petition (App.Vol. IV, at 237), that petitioner's mental illness had impaired his ability to conform his conduct to the law.  (Evid.Hrng.Tr., at 78-79.)  The transcript reflects that the jury posed a question during its mitigation deliberations indicating that the jurors wanted an explanation of "how mental disease or defect could be considered as a mitigating factor." (Trial Tr.Vol. X, at 82.)

In light of the foregoing, petitioner has at least some basis for questioning his counsel's conduct in this regard.  Information about what strategy petitioner's defense attorneys formulated in connection with the mitigation phase of his trial and what investigation was conducted to arrive at and implement that strategy is uniquely in possession of those defense attorneys.  The record does not indicate whether counsel's failure to explore this issue with Dr. Burch was calculated and reasonable, or, as petitioner suggests, neglectful and unreasonable.  Petitioner seeks to depose the person in the best position to answer those questions.  Attorney P. Lon Allen was the member of petitioner's defense team who was primarily responsible for presenting

20

petitioner's mitigation case, (Evid.Hrng.Tr., at 7), and who questioned Dr. Burch during the mitigation hearing (Trial Tr.Vol. XI). The Court is satisfied that petitioner has shown good cause to depose Mr. Allen regarding this aspect of counsel's mitigation phase performance.

### III. Conclusion

Petitioner's motion to conduct discovery is GRANTED to the extent described above. In finding that petitioner has demonstrated good cause for the limited discovery that this Court is granted, the Court is mindful of the deference it owes to state court decisions and findings of fact in determining whether petitioner is entitled to habeas corpus relief, 28 U.S.C. §2245(d), and that petitioner must present clear and convincing evidence in order to rebut a finding of fact made by the state courts, 28 U.S.C. §2254(e)(1). But it is precisely because of the deferential standard of review set forth in §2254(d) and the presumption of correctness established in §2254(e)(1) that this Court is inclined to grant discovery.

Although the Court finds that discovery is warranted as described above, the Court will not permit prolonged, unlimited discovery. Since the discovery requests granted by this Court will consist only of three depositions–*i.e.*, of Dr. Douglas Mossman, mitigation specialist Jim Crates, and P. Lon Allen, Esq.–petitioner will have three (3) months from the date of this Order to complete the discovery allowed by this order.

For the foregoing reasons, petitioner's motion to conduct discovery (Doc. # 32) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

3-30-2007
**DATE**

EDMUND A. SARGUS, JR.
**United States District Judge**

21