IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID BRADEN,

    Petitioner,

    v.                                           Case No.  2:04-cv-842
                                                       JUDGE SARGUS
MARGARET BAGLEY, Warden,           Magistrate Judge Kemp

    Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. §2254.  This matter is before the Court upon respondent's motion to depose defense counsel Philip Lon Allen.  (Doc. # 38.)

On March 30, 2007, this Court issued an *Opinion and Order* granting in part and denying in part petitioner's motion to conduct discovery.  (Doc. # 37.)  In relevant part, this Court found good cause for petitioner's motion to depose trial counsel P. Lon Allen in connection with petitioner's claim of ineffective assistance of counsel for the failure to prepare and present mitigating evidence.  Specifically, petitioner argued in his thirteenth ground for relief that his trial counsel performed unreasonably and to his prejudice when they failed to ask defense psychologist Dr. Kathleen Burch during the mitigation hearing whether petitioner's mental disease impaired his ability to conform his conduct to the law.  Under O.R.C. § 2929.04(B)(3), a jury may consider as mitigating evidence, "Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law."

This Court found good cause for petitioner's request to depose Mr. Allen because information about what strategy defense counsel formulated in connection with the mitigation case and what investigation was conducted to arrive at and implement that strategy is uniquely in the possession of defense counsel.  The Court noted that the record reflected nothing about why defense counsel had not asked Dr. Burch whether, in her opinion, petitioner's mental disease impaired his ability to conform his conduct to the law, in spite of the fact that defense counsel had presented substantial evidence of petitioner's unstable conduct leading up to the incident. This Court also noted that the trial court had instructed the jury on the mitigating factor set forth in O.R.C. § 2929.04(B)(3) and that the jury had posed a question to the trial court during its mitigation deliberations requesting an explanation of how mental disease or defect could be considered as a mitigating factor.  Finally, this Court observed that Dr. Burch had confirmed during state postconviction proceedings that, had she been asked whether petitioner's mental disease impaired his ability to conform to the law, she would have answered in the positive.

Because counsel for petitioner apparently elected not to depose Mr. Allen, respondent now moves the Court to depose Mr. Allen.  (Doc. # 38.)  Respondent reasons that despite petitioner's declination to depose Mr. Allen, both the "good cause" that this Court previously found and the purpose for which this Court granted discovery--to aide the Court in its adjudication of the habeas petition--still exist.  In the alternative, respondent asks this Court to "require [petitioner] to either withdraw his request to depose P. Lon Allen, or at a minimum state for the record that a purposeful decision has been made to shirk the Court's order to depose Allen." (Doc. # 38, at 2.)

Although respondent's request is somewhat unusual, it is neither unfounded nor

prohibited by any authority of which this Court is aware.  Rule 6 of the Rules Governing Section 2254 Cases, as well as the Advisory Committee Notes to Rule 6, clearly recognize the right of respondent, as well as petitioner, to conduct discovery.  *Cf. Bean v. Calderon*, 116 F.R.D. 452, 456-57 (E.D. Cal. 1996) (holding that respondent was entitled to depose petitioner subject to petitioner's right to invoke Fifth Amendment privilege); *see also Lott v. Bradshaw*, No. 1:04-CV-822, 2005 WL 3741492, at * 9 (N.D. Ohio Mar. 29, 2005) (recognizing that the habeas rules permit respondent to depose petitioner).  Further, petitioner never objected and the time for filing any memorandum in opposition has long since passed.

Accordingly, for good cause shown and because petitioner does not object, respondent's motion to depose P. Lon Allen (Doc. # 38) is **GRANTED**, to the extent previously authorized by this Court in its original discovery order (Doc. # 37).  Respondent **SHALL HAVE** forty-five (45) days from the date of this order to depose Mr. Allen.

The parties shall have thirty (30) days from the date that Mr. Allen is deposed, or from the date that the time for deposing Mr. Allen expires, to file any motions to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases.  The parties shall file any memoranda in opposition and reply memoranda in accordance with Loc. R. 7.2(a)(2).

**IT IS SO ORDERED.**

```
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
```