IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID BRADEN,

    Petitioner,

v.

MARGARET BAGLEY, Warden,

    Respondent.

Case No. 2:04-cv-842
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court Petitioner's Motion to Stay this Court's Consideration of the Fourteenth and Fifteenth Grounds for Relief (ECF No. 98), Respondent's Opposition to a Stay (ECF No. 99), and Petitioner's Reply in Support of his Motion to Stay (ECF No. 100).

On July 5, 2012, this Court issued an Opinion and Order granting Petitioner leave to amend his Petition to add grounds fourteen and fifteen. (ECF No. 77.) Petitioner filed his Amended Petition on August 3, 2012. (ECF No. 81.) Respondent filed a Supplemental Return of Writ on October 2, 2012 (ECF No. 86) and Petitioner filed a Supplemental Reply on November 1, 2012 (ECF No. 91). On August 19, 2012, this Court issued an Opinion and Order denying Respondent's motion to dismiss the newly added claims. (ECF No. 97.)

Petitioner's new claims respectively allege that Ohio's execution policy, procedures, and practices violate Petitioner's rights under the Eighth and Fourteenth Amendments to the United States Constitution. As pled, however, those claims target an execution protocol that no longer

1

exists. The primary if not sole reason that this Court permitted Petitioner to add those claims at such a late date relative to the date that Petitioner filed his original petition was because those claims—although loosely informed by lethal injections that have occurred since Ohio resumed executions in 1999—strictly speaking targeted an execution protocol that only went into effect on September 18, 2011. At the time that Petitioner filed his motion to stay consideration of his claims, the basis underlying Petitioner's request was Ohio's announced intention to issue a new protocol no later than October 4, 2013. This Court takes judicial notice of the fact that in *In Re: Ohio Execution Protocol Litigation*, the State of Ohio on October 4, 2013 announced an intention to issue a new execution protocol to take effect October 10, 2013. (Case No. 2:11-cv-1016, at ECF No. 323.) The October 10, 2013 execution protocol expressly supersedes the protocol dated September 18, 2011. Thus, as pled, Petitioner's fourteenth and fifteenth grounds for relief target an execution protocol that no longer exists. That must be remedied; but when and how is un-knowable at this time.

On January 16, 2014, the State of Ohio executed inmate Dennis McGuire pursuant to the October 10, 2013 execution protocol. The Ohio Department of Rehabilitation and Correction ("ODRC") is presently conducting an investigation into circumstances surrounding the McGuire execution, creating uncertainty about the continued viability of the October 10, 2013 protocol. The investigation, which prompted the Governor of the State of Ohio to issue a Warrant of Reprieve re-setting the execution of inmate Gregory Lott from March 19, 2014 to November 19, 2014, is still ongoing. (*In Re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, at ECF No. 428-1.)

The Court recognizes that any amendments to Petitioner's fourteenth and fifteenth

2

grounds for relief will be affected by the contents of any report or reports produced by ODRC's as-yet-not-completed investigation into the January 16, 2014 execution of Dennis McGuire. The Court also recognizes that Petitioner will require a certain period of time after the issuance of any report or reports that result from the investigation of the McGuire execution to file any amendment or supplement to Petitioner's fourteenth and fifteenth grounds for relief. Because the Court has not granted—and is in no position to grant—any discovery on these method-of-execution claims, it is not for this Court to require Respondent to provide Petitioner or the Court with any report or reports that result from ODRC's investigation into the McGuire execution. Rather, it is incumbent upon Petitioner to obtain any such report(s).

The Court accordingly **DIRECTS** Petitioner, within sixty (60) days of the date the State of Ohio releases any and all reports that result from the investigation into the McGuire execution, to file any amendment or supplement to Petitioner's fourteenth and fifteenth grounds for relief. Respondent shall have thirty (30) days to file an amended Return of Writ. Petitioner shall have thirty (30) days to file an amended Traverse/Reply.

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Stay Consideration of the Fourteenth and Fifteenth Grounds for Relief. (ECF No. 98.)

**IT IS SO ORDERED.**

4-3-2014
EDMUND A. SARGUS, JR.
**United States District Judge**

3