IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID BRADEN,

    Petitioner,

v.

CHARLOTTE JENKINS, Warden,

    Respondent.

Case No. 2:04-cv-842

JUDGE DAVID J. HALE

## OPINION AND ORDER

Petitioner David Braden, a prisoner sentenced to death by the State of Ohio, has pending before this Court[1] a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Braden's Supplemental Memorandum in Support of Motion for Leave to File an Amended Petition (ECF No. 120), Respondent-Warden's Memorandum in Opposition (ECF No. 121), and Braden's Reply (ECF No. 122).

**Procedural History**

Braden filed his initial Petition on August 31, 2004 (ECF No. 10), after which this case underwent a prolonged period of motion practice and factual development. It was on March 8, 2012, that Braden first sought leave to amend his Petition to add ground fourteen, raising an Eighth Amendment challenge to Ohio's lethal-injection execution protocol, and ground fifteen, raising a Fourteenth Amendment Equal Protection challenge to that protocol. (ECF No. 74.) The Court granted that motion on July 5, 2012 (ECF No. 77), concluding among other things that

---

[1] This was reassigned to the Undersigned (ECF No. 115) following the recusal of the Honorable Edmund A. Sargus, Jr., Chief District Judge of the Southern District of Ohio (ECF No. 114).

Braden's proposed claims did not run afoul of the habeas corpus statute of limitations, 28 U.S.C. § 2244(d)(1), and that Braden's claims were cognizable in habeas corpus pursuant to *Adams v. Bradshaw*, 644 F.3d 481, 484 (6th Cir. 2011), hereinafter "*Adams I*."[2] Braden filed his Amended Petition adding those two claims on August 3, 2012. (ECF No. 81.)

A little over a year and a half later, on April 3, 2014, the Court denied Braden's motion to stay consideration of his lethal injection claims, directing him instead to amend or supplement those claims. (ECF No. 101.) Specifically, the Court directed Braden to amend his method-of-execution claims to reflect that Ohio had adopted a new execution protocol and to address any findings issued by the State of Ohio regarding its investigation into the January 16, 2014 execution of Ohio inmate Dennis McGuire pursuant to that new protocol.[3] Braden missed that deadline, prompting the Warden on May 4, 2015, to file a motion for an order to show cause why the Court should not dismiss grounds fourteen and fifteen. (ECF No. 103.) On May 26, 2015, Braden filed a response, as well as a request for leave to file a second amended petition. (ECF No. 104.) The Warden filed a reply in opposition (ECF No. 105), but on June 29, 2015, the Court issued an order denying the Warden's motion for an order to show cause and granting Braden leave to file his Second Amended Petition. (ECF No. 106.) Braden filed that Second Amended Petition the same day, advancing method-of-execution challenges that had

---

[2] In *Adams I*, the Sixth Circuit rejected the Warden's argument that challenges to a particular method by which lethal injection will be conducted are not cognizable in habeas corpus. The Sixth Circuit dismissed the Warden's position as "too broad," explaining that Adams had not conceded the existence of an acceptable alternative method and that Adams's claim, if successful, could render his death sentence effectively invalid.

[3] McGuire was the first (and only) inmate Ohio executed using an intravenous injection of midazolam and hydromorphone, and witnesses reported that McGuire demonstrated repeated

2

metastasized from the two general claims he had initially added to ten detailed claims that essentially mirrored claims being litigated in the § 1983 action captioned *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016. (ECF No. 107.)

One month later, on July 21, 2015, Braden filed a motion to modify the scheduling order. (ECF No. 108.) Braden sought permission to file a third motion to amend his petition, not only to tailor his method-of-execution claims to yet another iteration of the execution protocol (dated June 29, 2015), but also to address the impact of the Supreme Court's *Glossip v. Gross*, 135 S.Ct. 2726 (2015), decision on the Sixth Circuit's *Adams I* decision vis-à-vis the continued viability of method-of-execution claims raised in habeas corpus. *Glossip* involved a § 1983 challenge by Oklahoma death row inmates to the use of midazolam as the first drug in Oklahoma's three-drug execution protocol, but included an off-hand comment characterizing the Supreme Court's prior precedent as holding that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Glossip*, 135 S.Ct. at 2738. Braden filed his motion for leave to file an amended petition on August 12, 2015 (ECF No. 110), which the Warden opposed on September 2, 2015 (ECF No. 111).

Before the Court could issue a ruling on Braden's motion, the Sixth Circuit on March 15, 2016, issued another decision in *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. 2016), hereinafter "*Adams II*." After ruling in *Adams I*, that Adams could pursue his lethal injection claim in habeas, the Sixth Circuit had remanded the case to the district court for factual development on that lethal injection claim. The district court complied, after which it again denied relief. On

---

gasps and other movements during the process.

3

appeal, the Sixth Circuit acknowledged as an initial matter its "recent holding that lethal injection does not violate the Constitution." *Id.* at 296-97 (citing *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate the Constitutional per se. . .")). The Sixth Circuit ultimately affirmed the denial of relief on Adams's lethal injection claim, but as to the claim's viability in habeas corpus, noted as follows:

> Lastly, notwithstanding the warden's assertion that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from that presented in *Hill* because at least some of Adams's claims, if successful, would bar his execution, and Adams does not concede that lethal injection can be administered in a constitutional manner. *Cf. Hill*, 547 U.S. at 580, 126 S.Ct. 2096.

*Adams II*, 817 F.3d at 299. The Sixth Circuit proceeded to note that despite not prevailing in habeas corpus, Adams could "still have a means of exploring his method-of-execution claim in his § 1983 action challenging Ohio's lethal injection protocol." *Id.* (citing *In re Ohio Execution Protocol Litigation*, No. 2:11-cv-1016 (S.D. Ohio)).

In response to *Adams II*, the Court two days later, on March 17, 2016, issued an Opinion and Order denying Braden's most recent motion for leave to file an amended petition (ECF No. 110) without prejudice and subject to renewal following briefing on the impact of *Adams II*. (ECF No. 113.) Specifically, the Court gave Braden fourteen (14) days from the date that the *Adams II* mandate issued to file a supplemental memorandum in support of his motion for leave to file an amended petition.

In response to that Order, as well as similar orders issued in other capital habeas corpus

4

cases, the Warden, on March 30, 2016 filed a Motion to Clarify in the Sixth Circuit. (Case No. 07-3688, Doc. 175-1.) After agreeing that the panel had rightly dismissed Adams's petition on the merits, the Warden issued the following request:

> The Warden respectfully asks, in the interest of judicial economy, for clarification of one paragraph of the panel opinion that is causing confusion among the lower courts in a significant number of cases. The panel should clearly state that *Adams I* only allows a *"per se"* challenge to lethal injection brought under § 2254. Any challenge to "the particular procedure" for lethal injection laid out in Ohio's lethal injection protocol, Panel op. at 16, must be brought under § 1983.

*Id.* at Page 2. The Sixth Circuit granted the Warden's motion (Doc. 176), and on June 13, 2016, issued an Amended Opinion and Judgment (Doc. 177): *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), hereinafter "*Adams III*."

In *Adams III*, the Sixth Circuit left unchanged its holdings from *Adams II* that lethal injection does not violate the Constitution per se, *Id.* at 318, and that Adams's lethal injection challenge did not warrant habeas corpus relief, *Id.* at 319-20. With respect to the issue of whether Adams could even bring his lethal injection claim in habeas corpus, the Sixth Circuit expanded on the "yes" it had set forth in *Adams II* as follows:

> Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." *Cf. Hill*, 547 U.S. at 580, 126 S.Ct. 2096. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson*, which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644, 124 S.Ct. 2117. Thus, to the extent that Adams

5

challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S.Ct. at 2738.

*Adams III*, 826 F.3d at 320-21.

The *Adams III* mandate issued on January 23, 2017 and, following an extension of time, Braden on March 8, 2017, filed the instant Supplemental Memorandum in Support of his Motion to File an Amended Petition (110). (ECF No. 120.) The Warden filed a Memorandum in Opposition on March 9, 2017 (ECF No. 121), and Braden filed a Reply on March 23, 2017 (ECF No. 122).

But on October 25, 2017, the Sixth Circuit issued *In re: Campbell*, 874 F.3d 454, 460-64 (6th Cir. 2017), holding that Campbell's claim—that Ohio's lethal-injection protocol had become so erratic and unpredictable that it was cruel and unusual in violation of the Eighth Amendment—was *not* cognizable in Campbell's second-in-time petition. In so holding, the *Campbell* panel dismissed as dictum the *Adams III* panel's characterization of *Adams I*, *Adams II*, and *Glossip* as allowing method-of-execution claims to be raised in habeas corpus. *Id.* at 464. The *Campbell* court reminded, "[O]f course, dictum in a prior decision—as opposed to a *holding*—does not bind future panels, including this one." *Id.* The *Campbell* court then announced in no uncertain terms that *Glossip* is controlling and makes clear that "in the peculiar context of method-of-execution claims—the death row inmate must proceed under § 1983." *Id.*

**Analysis**

A motion to amend a habeas corpus petition is, per 28 U.S.C. § 2242, subject to the same standards that apply generally to motions to amend under Fed. R. Civ. P. 15(a). The general

6

standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (citing *Foman* standard). In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, *i.e.*, if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Commc'n Sys., Inc. v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Dev. Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman*, 371 U.S. at 182; *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990).

After years of earnest efforts in multiple cases to interpret and abide by the Sixth Circuit's *Adams* decisions, the Court's analysis here begins and ends with the Sixth Circuit's *Campbell* decision. The parties' arguments before this Court understandably target the impact of the *Adams* decisions. In the wake of *Campbell*, however, those arguments are simply inapposite. Normally, the Court's preference would be to give the parties an opportunity to address the

impact of a new decision on their case. But where, as here, literally years have been wasted going back and forth on a question—whether method-of-execution claims sound in habeas corpus—that has now been definitively answered in the negative, this Court opted for the more prudent course of applying *Campbell* and moving on.[4]

In *Campbell*, the Sixth Circuit explained as follows:

> *Glossip* therefore closed the hypothetical door left open by *Nelson, Hill,* and *Adams II*. No longer can a method-of-execution claim impair a death sentence itself. And since a method-of-execution claim can no longer "attack the validity of the prisoner's conviction or death sentence," a habeas court cannot act upon it. *Id.* at 2738. Thus, the *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts*, 869 F.3d 403, 406 (6 th Cir. 2017). These challenges are properly remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.

*Campbell*, 874 F.3d at 462 (emphasis in original).

As Magistrate Judge Merz recently observed in *Bays v. Warden, Ohio State Penitentiary*, Case No. 3:08-cv-076, 2017 WL 5128277 (S.D. Ohio Nov. 6, 2017), as to four method-of-execution claims he had previously allowed to be added to the habeas corpus petition:

> *Campbell* is fatal to the cognizability of Bays' Sixteenth, Seventeenth, and

---

[4] The Court is aware of several Ohio District Court decisions in which arguments against the application of *Campbell* to bar method-of-execution claims from habeas corpus actions were considered and rejected. *See, e.g., McKnight v. Bobby*, Case No. 2:09-cv-059, 2018 WL 524872, at *1-2 (S.D. Ohio Jan. 24, 2018) (Dlott, D.J.); *Raglin v. Mitchell*, Case No. 1:00-cv-767, 2017 WL 6629102, at *1-5 (S.D. Ohio Dec. 29, 2017) (Merz, M.J.); *Turner v. Hudson*, Case No. 2:07-cv-595, 2017 WL 6209022, at *3-5 (S.D. Ohio Dec. 6, 2017) (Merz, M.J.); *Bays v. Warden, Ohio State Penitentiary*, Case No. 3:08-cv-076, 2017 WL 6035231, at *2-7 (S.D. Ohio Dec. 6, 2017) (Merz, M.J., supplementing Report and Recommendations of November 6, 2017).

Eighteenth Grounds for Relief in habeas corpus.[5] Each of them is a method/manner of execution claim under the Eighth or Fourteenth Amendment seeking to have Bays' death sentence invalidated without pleading an alternative method or manner. As noted above, Bays is a plaintiff in the Protocol Case and has in that case pleaded an alternative method of execution. Under *Campbell*, he must be remanded to that remedy.

*Bays*, 2017 WL 5128277, at *4. *See also McKnight*, 2018 WL 524872, at *1-2; *Raglin*, 2017 WL 6629102, at *3-5; *Turner*, 2017 WL 6209022, at *3-5. In a Supplement to his November 6, 2017, Report and Recommendations in *Bays*, Magistrate Judge Merz observed:

> [W]hether or not *Campbell* creates binding precedent, it is clearly intended to provide guidance to the district courts by sorting out the appropriate forum in which to bring method-of-execution claims. Whether or not we are bound to follow Campbell, we should do so because it makes the appropriate allocation of those claims to § 1982 cases.

*Bays*, 2017 WL 6035231, at *7 (S.D. Ohio Dec. 6, 2017).

The various iterations of method-of-execution claims that Braden has added and now seeks to add to his Petition, like Bays' claims, constitute method/manner claims under the Eighth or Fourteenth Amendment. This Court agrees with Magistrate Judge Merz that pursuant to *Campbell*, such claims are not cognizable in habeas corpus. This conclusion does not leave Braden without remedy, however, as he, like Bays, is a plaintiff in *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016. That is where Braden can and must pursue his method-of-execution claims.

## Conclusion

For the foregoing reasons, the Court **DENIES** Braden's Supplemental Memorandum in

---

[5] Magistrate Judge Merz originally recommended dismissal of the fourth of Bays' method-of-execution claims as non-cognizable because it was based on federal statutory law instead of the Constitution, but changed that recommendation to dismissal on the basis of *Campbell*. *Bays*, 2017 WL 5128277, at *4.

Support of his Motion for Leave to File an Amended Petition (ECF No. 120), and **DENIES** anew Braden's Motion for Leave to File an Amended Petition (ECF No. 110).

**IT IS SO ORDERED.**

_____
DAVID J. HALE, JUDGE
UNITED STATES DISTRICT COURT