UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID BRADEN,                                                         Petitioner,

v.                                                 Civil Action No. 2:04-cv-842-DJH-RSE
                                                             Judge David J. Hale[1]
                                           Magistrate Judge Regina S. Edwards

MARGARET BAGLEY, Warden,                            Respondent.

\* \* \* \* \*

**ORDER**

Petitioner David Braden, a prisoner sentenced to death by the State of Ohio, filed a habeas corpus action pursuant to 28 U.S.C. § 2254. On this date, the Court issued a Memorandum Opinion and Order denying relief on twenty-three grounds. This matter is before the Court sua sponte to determine which issues should be certified for appeal.

An appeal from the denial of a habeas corpus action may not proceed unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). To warrant a certificate of appealability, a petitioner must make a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1983); *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir. 1997). The petitioner need not demonstrate that the claim will prevail on the merits; the petitioner need only demonstrate that the issues he or she seeks to appeal are deserving of further proceedings or are debatable among jurists of reason. *Barefoot*, 463 U.S. at 893 n.4. The Supreme Court has explained that "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find

---

[1] Sitting by designation. (*See* ECF Nos. 114, 115).

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Courts should also apply this analysis when they have denied a claim on procedural grounds. *Id*. at 483; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). In the procedural-default context, a certificate of appealability is warranted when the petitioner demonstrates (1) that jurists of reason would find it debatable whether the petition states a valid claim and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

**First Ground for Relief: Competency to Stand Trial.**

In his first ground for relief, Petitioner alleged that he was tried while incompetent. The Court denied Petitioner's claim on the merits, noting that despite substantial evidence raising questions as to Petitioner's competency, the state courts' postconviction factual determination of competency was not unreasonable in light of the evidence presented.

Several aspects of the Court's conclusion provide a basis for issuing a certificate of appealability. For example, in concluding that the state courts made a factual determination that Petitioner was competent, the Court construed as adjudications on the merits decisions that the state courts had deemed procedural. Further, as noted above, the record contains substantial evidence raising questions as to whether Petitioner was competent leading up to and during his trial. That being so, the Court is persuaded that reasonable jurists could find debatable or wrong the Court's decision denying Petitioner's first ground for relief and **CERTIFIES** for appeal Petitioner's first ground for relief.

**Second Ground for Relief**: Denial of Opportunity to Develop Competency Claim in Postconviction.

Petitioner contended that the trial court violated his due process rights when it refused to consider certain evidence he presented during postconviction proceedings to demonstrate his incompetence at trial. This Court denied Petitioner's claim as not cognizable in habeas corpus. In so concluding, the Court declined to construe *Martinez v. Ryan*, 566 U.S. 1, 16 (2012), in which the Supreme Court implicitly recognized the importance of state collateral review, as elevating to a constitutional dimension every claim alleging denial of due process during state postconviction proceedings. But because the scope of *Martinez* is being litigated and shaped on a near daily basis, the Court is satisfied that jurists of reason could find this conclusion debatable. The Court accordingly **CERTIFIES** for appeal Petitioner's second ground for relief.

**Third Ground for Relief**: Failure of the Trial Court to Conduct Competency Hearing Sua Sponte.

The Court denied Petitioner's third claim as both procedurally defaulted and meritless. With respect to the procedural-default ruling, the Court found unpersuasive Petitioner's cursory arguments that he could not have raised this claim until he fully developed the facts in postconviction and in the alternative that ineffective assistance of appellate counsel constituted cause and prejudice to excuse the default. Beyond that, the Court found the claim meritless because Petitioner's trial counsel expressly represented that Petitioner's competency was not an issue, because the defense psychologist was of the view that Petitioner was competent, and because the trial court was within its rights to accept those representations in view of the apparent absence of any outward display by Petitioner of his delusional thinking. The Court cannot find that Petitioner's third ground for relief is deserving of further review on appeal. Reasonable jurists could find neither the procedural default nor the weakness of Petitioner's claim debatable or

3

wrong. A certificate of appealability is **DENIED** as to Petitioner's third ground for relief.

### Fourth Ground for Relief: Ineffective Assistance of Counsel for Failure to Protect Competency Rights.

Petitioner argued that his attorneys were ineffective in failing to request a fourth competency hearing once his trial began. The Court denied this claim, finding that Petitioner could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, since the Court previously determined that the state court's determination that Petitioner was not tried while incompetent was reasonable, there could likewise be no merit to his related claim that counsel was constitutionally ineffective for failing to request a competency hearing. The Court reasoned that "[n]o prejudice results from a failure to raise an argument that would have been lost anyway."

However, this Court determined above that Petitioner's substantive competency claim in Ground One should be certified for appeal because, among other reasons, the record contains substantial evidence raising questions as to whether Petitioner was competent leading up to and during his trial. Because the Court's analysis in Ground Four depends partially on the Court's earlier analysis in Ground One, it follows that reasonable jurists may also find debatable the Court's denial of Petitioner's ineffective-assistance-of-counsel claim in Ground Four. Petitioner's fourth ground for relief is therefore **CERTIFIED** for appeal.

### Fifth Ground for Relief: Mitigation-Phase Ineffective Assistance of Counsel— Failure to Investigate.

In his fifth ground for relief, Petitioner argued that his attorneys rendered ineffective assistance during the penalty phase by failing to call several of Petitioner's friends, as well as Petitioner's former sister-in-law. Reviewing the claim *de novo*, the Court determined that Petitioner had demonstrated neither deficient performance nor prejudice. Specifically, the Court

concluded that defense counsel had formed a cohesive strategy of demonstrating that Petitioner suffered from a significant mental illness that affected every facet of his life, that defense counsel conducted sufficient investigation to support and implement that theory, and that none of the additional information proffered by Petitioner was more substantial or persuasive than the evidence defense counsel did present.  But several factors persuade this Court that reasonable jurists could disagree.

Given that this claim is subject to *de novo*, rather than deferential, review and the importance of competent representation during the penalty phase of a capital case, this Court is persuaded that reasonable jurists could find debatable the Court's decision denying Petitioner's fifth ground for relief.  The Court accordingly **CERTIFIES** for appeal Petitioner's fifth ground for relief.

**Eighth Ground for Relief:  Guilt-Phase and Penalty-Phase Ineffectiveness.**

In his eighth ground for relief, Petitioner raised four instances of alleged ineffective assistance of trial counsel at both the guilt and penalty phases of his trial: (a) failure to object to hearsay; (b) failure to call a psychologist during the guilt phase; (c) failure to object to the prosecution's penalty-phase rebuttal argument; and (d) failure to object to penalty-phase "unanimity first" jury instructions.  The Court finds that only subsection (c) satisfies the standard for a certificate of appealability.

The deference that is owed to the Ohio Supreme Court's decision reasonably rejecting the allegation set forth in subsection (a), combined with the fact that the trial record was replete with non-hearsay sources of the unfavorable information contained in the alleged hearsay, undercuts any finding that this issue warrants further consideration on appeal.  The same can be said for subsection (b), especially in view of the thoroughness of the Ohio Supreme Court's decision

considering and rejecting this allegation. The allegation set forth in subsection (d) does not warrant further consideration on appeal because of the deference that is owed to the Ohio Supreme Court's decision rejecting it, because defense counsel's closing arguments guarded against the jury-instruction miscue Petitioner feared, and because the jury-instruction error Petitioner complained of did not occur.

The allegation set forth in subsection (c), by contrast, warrants appellate review because the claim is subject to *de novo* review and because of the importance of competent representation at the penalty phase. The Court **CERTIFIES** for appeal subsection (c) of Petitioner's eighth ground for relief.

**Thirteenth Ground for Relief**: Ineffective assistance for failure to invoke § 2929.04(B)(3) mitigating factor.

Petitioner argued in his thirteenth ground for relief that his trial attorneys performed deficiently and to his prejudice in failing to elicit from Dr. Burch whether Petitioner's mental disease impaired his ability to conform his conduct to the law. This issue warrants a certificate of appealability. Although the Ohio Supreme Court rejected this allegation on the merits, reasonable jurists could find that decision and this Court's dismissal debatable or wrong. Reasonable jurists could debate counsel's failure to invoke § 2929.04(B)(3), considering that counsel's central theme during the penalty phase was the manner in which Petitioner's mental disease impacted every facet of his life. The Court accordingly **CERTIFIES** for appeal Petitioner's thirteenth ground for relief.

**Fourteenth Through Twenty-Third Grounds for Relief**: Method-of-Execution Claims.

In his fourteenth through twenty-third grounds for relief, Petitioner challenged the method and manner of execution. The Court denied these claims as without merit pursuant to *In re Campbell*, 874 F.3d 454 (6th Cir. 2017) (per curiam). Because Petitioner's method-of-execution

claims are clearly barred under binding Sixth Circuit precedent, the Court finds that reasonable jurists could not differ as to the merit of those claims. The Court **DENIES** a certificate of appealability on Petitioner's grounds fourteen through twenty-three.

### Conclusion

As set forth above, the Court **CERTIFIES FOR APPEAL** grounds one, two, four, five, eight (c), and thirteen.

**IT IS SO ORDERED.**

November 22, 2020

David J. Hale, Judge
United States District Court

Copies: Counsel of Record