UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID BRADEN,                                                                    Petitioner,

v.                                          Civil Action No. 2:04-cv-842-DJH-RSE
                                                                   Judge David J. Hale[1]
                                                         Magistrate Judge Regina S. Edwards

MARGARET BAGLEY, Warden,                                      Respondent.

\* \* \* \* \*

## ORDER

In a Memorandum Opinion and Order entered November 23, 2020, the Court denied Petitioner David Braden's second amended petition for habeas corpus relief. (Docket No. 127) Braden moves to alter or amend that ruling as to Ground 8(b) of his petition. (D.N. 130) In the alternative, Braden requests that the Court issue a certificate of appealability as to Ground 8(b). (*Id.*, PageID # 5857) After careful consideration, the Court will deny Braden's motion.

**I.**

Under Federal Rule of Civil Procedure 59(e), "[a] district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

---

[1] Sitting by designation. (*See* Docket Nos. 114, 115)

1

Here, Braden contends that alteration or amendment of the Court's ruling is necessary to correct clear errors of law and prevent manifest injustice. (D.N. 130, PageID # 5853) The purported error identified by Braden, however, is not a legal one, but rather a mere oversight: according to Braden, the Court "limit[ed] its consideration" of Ground 8(b) to the question of whether Braden was entitled to a lesser-included-offense instruction and thus "did not consider the larger question posed by Braden in Ground 8(b)," namely whether Braden possessed the required mens rea for aggravated murder. (D.N. 130, PageID # 5854) As explained below, the Court disagrees that it missed an argument properly presented by Braden, and even if it did, the purported argument lacks merit.

Ground 8(b) of Braden's second amended petition consists of four sentences, describing Burch's testimony during the mitigation phase of the trial and concluding: "Petitioner's counsel should have called Dr. Burch to testify [during the culpability phase] in order to raise the issue [of Braden's deteriorating mental health] for a voluntary manslaughter instruction and to explore other potential defenses." (D.N. 107, PageID # 5411) Braden's brief did not elaborate on any "other potential defenses" (*id.*), asserting simply that testimony from Dr. Burch regarding Braden's history of mental illness "would have provided the grounds for trial counsel to argue that Braden lacked the required *scienter* element and was entitled to a jury instruction on a lesser included offense of aggravated murder." (D.N. 59, PageID # 864) The remainder of Braden's less-than-two-page argument on this ground pertained to whether Braden acted out of passion or rage for purposes of the Ohio voluntary-manslaughter statute (*see id.*, PageID # 864-65), concluding that

> Dr. Burch's testimony, if presented during the culpability phase, would have served as an appropriate basis from which trial counsel could have attacked the State's inferential evidence of Braden's mental state. This testimony would also stand as a good faith basis upon which to seek an instruction on a lesser included offense (i.e. voluntary manslaughter).

> Unfortunately, Dr. Burch's testimony was not presented during the culpability phase—[i]t came during the mitigation phase, when it was too late to serve as a defense or a basis for a conviction on a lesser included offense.

(*Id.*, PageID # 865) Braden's reply brief did not mention Ground 8(b). (*See* D.N. 68)

Now, Braden accuses the Court of failing to consider whether testimony from Dr. Burch during the culpability phase "would have assisted Braden in defeating the State's arguments that Braden possessed the requisite mental state to commit aggravated murder." (D.N. 130, PageID # 5854) According to Braden, "[t]his issue of *scienter* or *mens rea* was not addressed by the Court in its decision to deny Ground 8(b)" because the Court "misapprehended the facts and Braden's position regarding the scope of" that ground. (*Id.*) Given that Braden did not discuss the mens rea for aggravated murder in his petition or briefing or explain how the proposed testimony could have changed the outcome of the trial, the Court does not find its lack of discussion on those points to be clearly erroneous.

Further, as the Warden points out, Braden's new argument rests on speculation about hypothetical testimony, as Dr. Burch neither testified during the guilt phase of the trial nor provided a statement as to what her testimony would have been at that phase. (*See* D.N. 131, PageID # 5860) More importantly, Braden's argument—that testimony about his history of mental illness would have supported a finding that he lacked the necessary mens rea for aggravated murder—invokes the "diminished capacity" defense soundly rejected by Ohio courts: "[W]hen a defendant does not assert an insanity defense, it is well settled that he may not offer expert testimony in an effort to show that he lacked the mental capacity to form the specific mental state required for a particular crime." *Ohio v. Fulmer*, 883 N.E.2d 1052, 1058 (Ohio 2008) (citing *Ohio v. Cooey*, 544 N.E.2d 895, 906 (1989)); *see Cooey*, 544 N.E.2d 906 (observing that "[t]o allow psychiatric testimony on specific intent would bring into Ohio law, under another guise, the

diminished capacity defense [the court] rejected in" *Ohio v. Wilcox*, 436 N.E.2d 523 (Ohio 1982)). Braden does not contend that testimony by Dr. Burch at the guilt phase would have supported an insanity defense, nor could he: as noted by the trial court and quoted in this Court's November 23 decision, "Dr. Burch clearly testified during the mitigation phase of [Braden]'s trial that [Braden] was not insane at the time of the offense." (D.N. 127, PageID # 5783 (quoting App. Vol. V, at 198-206); *see also* D.N. 68, PageID # 1008 (stating that "[a]t trial, defense counsel looked into, but did not assert, a defense of not guilty by reason of insanity" (emphasis removed))) Braden's trial counsel thus could not have elicited the testimony that Braden now argues should have been presented. *See Fulmer*, 883 N.E.2d at 1058. And because "counsel cannot be ineffective for a failure to raise an issue that lacks merit," his ineffective-assistance claim based on that failure—to the extent he asserted one—is likewise meritless. *Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Finally, in light of the well-established precedent cited above and Braden's failure to develop his argument prior to filing a Rule 59(e) motion, reasonable jurists could not debate the Court's denial of relief on Ground 8(b) of Braden's petition. The Court thus will not grant a certificate of appealability as to that ground. *See Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Braden's motion to alter or amend (D.N. 130) is **DENIED**.

June 21, 2021

David J. Hale, Judge
United States District Court